UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-01208-KAS

DAVID TOM, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

FORBES & YORK INSURANCE LLC
D/B/A MEDADVANTAGE PARTNERS
and THE ASSURANCE PIVOT, LLC
D/B/A SKYBRIDGE LEADS,

    Defendants.

_____/

### DEFENDANT FORBES & YORK INSURANCE LLC d/b/a MEDADVANTAGE PARTNERS' MOTION TO DISMISS COMPLAINT

Defendant Forbes & York Insurance LLC d/b/a MedAdvantage Partners ("Forbes"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, moves to dismiss the complaint brought by plaintiff David Tom ("Tom") seeking relief against Forbes under the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA") and Florida's Telephone Solicitation Act, § 501.059, Fla. Stat. (the "FTSA"). Dismissal is required for three separate reasons: (1) this Court lacks personal jurisdiction over Forbes under Rule 12(b)(2); (2) Colorado is an improper venue for Tom's complaint under Rule 12(b)(3); and (3) the complaint fails to state any valid of cause of action against Forbes under Rule 12(b)(6) because it fails to sufficiently allege that Forbes was responsible for the alleged violative phone calls that underpin both causes of action against it. For any or all one of these three reasons, this Court should dismiss Tom's complaint without prejudice.

1

## INTRODUCTION

Tom has sued Forbes and co-defendant The Assurance Pivot, LLC d/b/a Skybridges Leads ("Assurance") under the TCPA and FTSA based on an unidentified number of phone calls in March of 2024 from unknown callers to two numbers that Tom had placed on the National Do Not Call Registry (the "DNCR"), followed by a single phone call to a number that Tom had specifically provided to receive solicitations. Tom is a Florida resident, Forbes is incorporated in Florida, and the alleged violative phone call to Tom was placed from a Texas area code. As set out in its affidavit in support of this motion, Forbes has not contracted with Assurance in Colorado or anywhere else, and this alleged contract is the sole basis for Tom's claimed specific jurisdiction and venue in this district. Moreover, Forbes's contacts with Colorado are tangential and minimal at best, and far from enough to confer general jurisdiction over it in this state. Because Tom is not a Colorado resident, the phone call was neither placed from or into Colorado, and Forbes has no relationship whatsoever with Assurance, the only Colorado resident, this Court lacks personal jurisdiction over Forbes and venue is improper in Colorado.

In addition to these fatal jurisdictional and venue defects, the complaint also fails to allege sufficient facts to sustain its claims. Even taking its allegations as true for purposes of this motion only, Tom's complaint completely fails to allege non-conclusory facts to affirmatively identify Forbes or any agent of Forbes as the entity placing the alleged violative phone calls in March of 2024. There is no direct connection alleged between the first group of unidentified callers and the single legal phone call claimed to have been made by Forbes through Assurance, an alleged third-party servicer of Forbes. As a result, Tom had failed to state a claim that Forbes has violated the TCPA or the FTSA as a matter of law, and the complaint should be dismissed.

2

## STANDARDS FOR MOTION TO DISMISS

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge the court's exercise of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether a court has personal jurisdiction over the named parties, and the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). This Court may decide a Rule 12(b)(2) on the pleadings and the parties' affidavits without an evidentiary hearing, in which case "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). In considering this question, the court must accept all well pleaded facts as true and must resolve any factual disputes in favor of the plaintiff. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.* Thus, this Court need only credit the "plausible, non-conclusory, and non-speculative" factual allegations in the plaintiff's complaint. *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008).

A defendant may challenge a plaintiff's choice of venue by filing a motion under Rule 12(b)(3), which permits dismissal of a claim for "improper venue." Fed. R. Civ. P. 12(b)(3). The standard under Rule 12(b)(3) is "generally the same as a motion to dismiss for lack of personal jurisdiction." *Nagim v. Jackson*, 2010 U.S. Dist. LEXIS 113841, at *6 (D. Colo. Aug. 10, 2010).

The plaintiff has the burden of establishing that venue is proper in this district. *Gwynn v. TransCor Am.,* 26 F. Supp.2d 1256, 1261 (D. Colo. 1998). Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged" by the defendant's affidavits. *International Beauty Prods., L.L.C. v. Beveridge,* 402 F. Supp. 2d 1261, 1271 (D. Colo. 2005), quoting *Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989). When allegation are so challenged, "a court may examine facts outside the complaint to determine whether venue is proper." *Walker v. United States Postal Serv.*, 2007 U.S. Dist. LEXIS 59564, at *5 (D. Colo. July 16, 2007). The Court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff, but only well-plead facts, as opposed to mere conclusory allegations, must be accepted as true. *Wenz,* 55 F.3d at 1505. If this Court determines that venue is improper, it may dismiss or transfer the case to any district in which the case could have been brought. *See* 28 U.S.C. § 1406(a).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g., Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice, and in examining a complaint under Rule 12(b)(6), this Court should "disregard

conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," nor "does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## ARGUMENT

### I. This Court lacks personal jurisdiction over Forbes.

Under Rule 12(b)(2), Tom's complaint must be dismissed because this Court lacks personal jurisdiction over Forbes. Tom recognizes in his own complaint that Forbes "is a Florida LLC," and therefore does not reside in Colorado. *See* Compl. ¶ 6. To establish personal jurisdiction over a nonresident defendant like Forbes, Tom must show both that jurisdiction is proper under Colorado's long-arm statute and that the exercise of personal jurisdiction over Forbes comports with the Due Process Clause of the United States Constitution. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990). "Colorado's long-arm statute permits the Court to exercise personal jurisdiction to the full extent of the Due Process Clause; therefore, the analysis collapses into a single due process inquiry." *Stuart v. Petzl Am., Inc.*, 2023 U.S. Dist. LEXIS 144535, at *7 (D. Colo. Aug. 17, 2023).

"The Due Process Clause protects a [defendant's] liberty interest in not being subject to the binding judgments of a forum with which [it] has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citation omitted). The analysis of whether the exercise of personal jurisdiction comports with due process is two-fold.

5

*See AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). First, the court looks to "whether the nonresident defendant has 'minimum contacts' with the forum state such 'that [it] should reasonably anticipate being haled into court there.'" *Id.*, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296 (1980). Second, the court must "consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc. v. Royal Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998), quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109, (1987). The "minimum contacts" standard may be satisfied in either of two ways – general or specific jurisdiction. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

Here, Tom had only pled specific jurisdiction as a basis for haling Forbes into Colorado. Tom claims this Court "has specific jurisdiction" over Forbes because it allegedly "contracted with" Assurance "in Colorado" to place "telemarketing calls nationwide, including into Colorado and/or from Colorado." *See* Compl. ¶ 9. However, Tom's complaint lacks any other Colorado-specific connections other than Assurance's status as a Colorado company and the purported contract between Forbes and Assurance which Tom claims (with no elaboration and in conclusory fashion) was executed in and was to be performed in Colorado. Tom himself is a Florida resident, like Forbes. *See* Compl. ¶ 5. As a result, Tom would have physically been in Florida when he received all of the phone calls described in his complaint, and has no connection whatsoever with Colorado. Moreover, Tom does not allege that any of the phone calls themselves were placed from Colorado, and the only phone number he identifies in the complaint as one that dialed Tom was from a 432 area code, which is in Texas, not Colorado. *See* Compl. ¶ 36. In short, the complaint

6

does not allege that any of the phone calls described therein were either placed from or to Colorado, and neither Tom himself nor Forbes is a Colorado resident. Already, Tom's threadbare allegations of Colorado-specific contacts are extremely tenuous.

With this motion, Forbes has submitted the affidavit of Jack Stapleton, Forbes's founder and manager (hereinafter, the "Stapleton Aff."). In that affidavit, Stapleton confirms that Forbes is a Florida limited liability company, was organized in and is a resident of Florida, and its only physical office and place of business is in Florida. *See* Stapleton Aff. ¶¶ 5-6. Forbes is a health insurance agency that serves clients nationwide, and has in-house agents physically located in Florida that are licensed to sell health insurance in forty-four states, including in Colorado. *See id.* at ¶ 7. Forbes engages marketing companies who are all physically located overseas to initiate phone calls to identify individuals who may be interested in health insurance plans, and those potential customers who express interest are then transferred to a Forbes in-house agent in Florida who is licensed in that customer's state. *See id.* at ¶ 8. If the customer remains interested, Forbes' in-house agent will ultimately refer the customer to an appropriate health insurance company who has contracted with Forbes, and from whom Forbes might ultimately earn a commission if certain conditions are met. *See id.* at ¶ 9. Forbes never contracts directly with any individual with whom its in-house agents speak. *See id.*

Forbes' contacts with Colorado are minimal and have no direct connection with Tom's causes of action. Forbes does not have an office or other physical location in Colorado, does not own any real estate or other property in Colorado, and does not have any officers, employees or independent contractors who reside in Colorado. *See id.* at ¶ 10. Forbes has never brought suit in Colorado, and other than this lawsuit Forbes has never been sued in Colorado. *See id.* at ¶ 11.

7

Forbes does not have a website and does not purposefully direct advertising into Colorado for the purpose of seeking business from Colorado residents. *See id.* at ¶¶ 13-14. Finally, Forbes earns less than 2.5% of its annual income from its contracting health insurance companies arising out of referrals from individuals who reside in Colorado. *See id.* at ¶ 15. Most importantly, however, ***Forbes did not enter into a contract or any other official arrangement of any kind with Assurance***. *See id.* at ¶ 12. Forbes simply has no business relationship whatsoever with Assurance. *See id.* Indeed, even aside from Assurance, Forbes has never entered into any contracts with any Colorado company or individual. *See id.*

As mentioned above, Tom's sole basis for jurisdiction over Forbes in Colorado is based on specific jurisdiction. "[W]hether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014), quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984). A plaintiff must establish: (1) the defendant purposefully directed its activities toward the forum state, and (2) the litigation is a result of injuries that "arise out of or relate to" the defendant's contacts with the forum state. *Burger King*, 471 U.S. at 472; *see also Surface v. Ciardelli*, 2024 U.S. Dist. LEXIS 22464, at *5 (D. Colo. Jan. 19, 2024) (same).

Here, Tom has not satisfied either of these two criteria. Tom's complaint does not allege that Forbes has directed anything other than incidental and *de minimus* activities toward Colorado. The sole allegation connecting Forbes to Colorado was its purported contract with Assurance, a Colorado company, for telemarketing services based in Colorado. But as set out in the Stapleton Affidavit, Forbes has never contracted with Assurance, nor has it even done any business with Assurance. All of Forbes's marketing calls are placed from companies located overseas, and not

8

from Colorado and certainly not through Assurance. While Tom has claimed the existence of this alleged Forbes-Assurance contract, he has done so in wholly conclusory fashion and has not attached this alleged contract to his complaint nor detailed its purported terms. In the face of Forbes's sworn testimony denying the very existence of this contract, to avoid dismissal for lack of personal jurisdiction Tom must now come forward with contrary evidence supporting the contract's existence and Forbes's connections to Assurance. Failing non-conclusory proof of such, Tom's complaint completely lacks any viable allegations of Forbes purposefully directing activities into Colorado.

Moreover, Tom's complaint is also "devoid of allegations to create a prima facie showing that … this litigation arises from injuries caused by [Forbes's] contact with the forum state." *Surface*, 2024 U.S. Dist. LEXIS 22464, at *6-7. Stripped of its unsupported allegation of a contract between Forbes and Assurance, now affirmatively contradicted by sworn testimony from Forbes, the claimed statutory violations consist of phone calls placed from unidentified states and Texas, into Florida, between a Florida company and a Florida individual. Forbes has extremely minimal contacts with Colorado generally: the small percentage of its income it earns from commissions awarded by Forbes' health insurers arising out of Colorado-based referrals as one of forty-four states from which Forbes obtains such referrals. As these particular phone calls are alleged to have been placed to a Florida resident and not a Colorado resident, in no way can it be said that Tom's claimed injuries arise from Forbes' tangential contacts with Colorado. "Simply put, the relationship between forum state, [Forbes], and this litigation cannot be ascertained from the vague allegations in [Tom's] complaint." *Id.* at *7-8. No specific jurisdiction over Forbes exists here.

Although Tom does not even attempt to claim that this Court can exercise general jurisdiction over Forbes, this argument would also lack merit to the extent Tom seeks to assert it. General, "all purpose" jurisdiction over a nonresident defendant exists where the defendant's contacts or affiliations with the forum state render it "essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014), citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 137 (quotation omitted). By contrast, looking to the state(s) in which a corporation "engages in a substantial, continuous, and systematic course of business" is an "unacceptably grasping" means of exercising general jurisdiction over a corporate defendant. *Id.* at 137-38. Here, Forbes clearly does not engage in "a substantial, continuous, and systematic course of business" in Colorado, nor is it incorporated or have its principal place of business in Colorado. It owns no property in Colorado, has no officers, employees or contractors who reside there, and has never sued or (until this case) been sued in Colorado. It also has no website that can be viewed by Colorado residents and does not direct advertising into Colorado seeking business from the state. There is simply no basis upon which to claim that general jurisdiction over Forbes can be exercised.

Because neither general nor specific jurisdiction exists over Forbes in Colorado, Tom cannot satisfy the initial "minimum contacts" requirement. Therefore, this Court need not consider the interests of fair play and substantial justice, which would also have to be satisfied under the applicable due process test set out above. Nevertheless, an examination of this factor also requires dismissal. In determining whether the exercise of jurisdiction is so unreasonable as to violate fair play and substantial justice, the Tenth Circuit considers "(1) the burden on the defendant, (2) the

forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI Holdings*, 149 F.3d at 1095. There would be a significant burden in requiring Forbes to litigate in a forum to which it has no real connection. Moreover, given that Tom is not a Colorado resident, the forum state has scant interest in this dispute and a more efficient resolution would be to dismiss this action and have Tom refile it in Florida. This would also satisfy the interest of interstate comity. A suit in Florida would also presumably be more convenient for Tom as well, as he is a Florida resident himself. Given that Tom has also asserted a Florida statutory claim under the FTSA, the clear center of gravity is Florida and not Colorado. As a result, fair play and substantial justice requires dismissal from this forum. *See, e.g.*, *MacMillan v. Rural Partners in Med., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 235434, at *27-31 (D. Colo. Nov. 22, 2023) (discussing factors and dismissing Colorado lawsuit in favor of refiling in Nebraska).

This particular plaintiff has had his TCPA claims dismissed before for lack of personal jurisdiction after inadvisably seeking to prosecute lawsuits in states that have no real connection with his claims. *See, e.g.*, *Tom v. Transp. Media, Inc.*, 2023 U.S. Dist. LEXIS 152897, at *11 (W.D. Tex. July 26, 2023) (holding that "Tom has not alleged sufficient facts to demonstrate that [defendant's] call, which Tom received while transiting an Austin, Texas airport, was sufficiently purposeful that [defendant] could reasonably anticipate being haled into court here," and that as a result "Tom has not satisfied the 'minimum contacts' prong of the specific personal jurisdiction

11

analysis").[1] The same result should occur here. Because this Court lacks jurisdiction over Forbes, Tom's complaint should be dismissed pursuant to Rule 12(b)(2).

## II. Venue in this Court is improper.

Venue is also improper in Colorado, and this Court should dismiss Tom's complaint for this additional reason. In the complaint, Tom specifically asserts that venue is proper in Colorado pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events giving rise to Plaintiff's claims – namely, the illegal telemarketing at issue – were orchestrated from this District." *See* Compl. ¶ 10. The Tenth Circuit conducts a two-part analysis when reviewing challenges to venue under Section 1391(b)(2). *See Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). First, the Court "examine[s] the nature of the plaintiff's claims and the acts or omissions underlying those claims." *Id.* Second, it "determine[s] whether substantial events material to those claims occurred in the forum district." *Id.* (internal quotations omitted). The substantiality requirement is satisfied upon a showing of "acts or omissions that have a close nexus to the alleged claims." *Id.* (citation omitted). "The forum activities must have been

---

[1] David Tom is a professional TCPA plaintiff. In addition to the case from the Western District of Texas just cited and the instant lawsuit, Forbes has been able to locate these additional TCPA complaints filed by Tom: *Tom v. 7th Ace LLC*, Case No. 6:24-cv-00761-JSS-DCI (M.D. Fla.); *Tom v. Lead Genesis Partners, LLC*, Case No. 6:24-cv-00417 (M.D. Fla.); *Tom v. Kloze Mortgage Corp.*, Case No. 6:22-cv-2218-PGB-EJK (M.D. Fla.); *Tom v. Atl. Partners Realty Brevard, LLC*, Case No. 6:22-cv-2217-PGB-LHP (M.D. Fla.); *Tom v. David & Lisa Entrps., Inc.*, Case No. 05-2023-CC-049832 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. RJM Homes, LLC*, Case No. 05-2023-CC-027315 (Florida Brevard Circuit Court, 18th Judicial Circuit); *Tom v. Lape*, Case No. 05-2023-CC-027308 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. Sunshine Props. Investors LLC*, Case No. 05-2023-CC-022342 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. J&E Machine Tech, Inc.*, Case No. 05-2022-CC-038110 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. Celero Commerce LLC*, Case No. 05-2021-CA-055732 (Florida Brevard Circuit Court, 18th Judicial Circuit). In addition, Forbes located numerous additional small claims TCPA actions by Tom in Brevard County, Florida that it has not listed here. There are likely more TCPA lawsuits filed by Tom that Forbes has not located.

events significant to the plaintiff's claims." *DP Precise, LLC v. Phoenix Ins. Co.*, 2013 U.S. Dist. LEXIS 76022, at *2 (D. Colo. May 20, 2013). "[C]ourts will 'accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Sanchez v. Miller*, 2016 U.S. Dist. LEXIS 21066, at *3 (D. Colo. Feb. 19, 2016), quoting *Bartile Roofs*, 618 F.3d at 1168.

An examination of the "nature" of Tom's claims and the alleged "acts" by Forbes underlying those claims shows no Colorado connections at all. None of the alleged phone calls that are the subject of Tom's TCPA and FTSA claims originated in Colorado, nor were they placed into Colorado. Both Forbes and Tom are residents of Florida, not Colorado. The phone call during which Tom claims to have spoken to representatives of both Forbes and Assurance originated from Texas, not Colorado. Tom has alleged in conclusory fashion and with no factual support whatsoever that Forbes and Assurance purportedly contracted together in Colorado and therefore "orchestrated" telemarketing calls from this forum. However, as described above and in the Stapleton Affidavit, Forbes definitively ***did not contract with or enter into any business relationship with Assurance***, and all of its phone calls are placed from either Florida or overseas. Thus, the nature of Tom's claims and the acts by Forbes arise out of contacts with Florida, but not Colorado. For these same reasons, none of the "substantial events material" to Tom's claims "occurred" in Colorado, which is the second part of the Tenth Circuit's venue analysis. There is no "close nexus" to Colorado; to the contrary, Tom's claims have "no material relation or significant connection to" Colorado at all. Under such circumstances, venue in Colorado is improper. In short, Tom cannot demonstrate to this Court that Colorado "has the type of significant

connection to the gravamen of this lawsuit as would justify the usual deference" to Tom's choice of forum. *Aspen Corps. v. Gorman*, 2019 U.S. Dist. LEXIS 45944, at *16 (D. Colo. Mar. 20, 2019).

While it appears that this Court has yet to address a motion to dismiss TCPA claims for improper venue, courts from outside of Colorado have dismissed TCPA claims for lack of venue when the telephone call or calls that are the basis of the complaint were not initiated from or made to the forum chosen by the plaintiff. Thus, it has recently been observed that "in TCPA cases, courts have held that venue is proper under 28 U.S.C. § 1391(b)(1) or (b)(2) in the district from which the at-issue call originated or, more commonly, where the call was received." *Cunningham v. Headstart Warranty Grp., LLC*, 2024 U.S. Dist. LEXIS 39600, at *5 (W.D.N.C. Mar. 6, 2024) (compiling cases). Here, **neither has been satisfied**, as the calls originated from unidentified states or Texas, and were received in Florida. Given Colorado's complete absence of connection to the phone calls that form the gravamen of Tom's complaint, venue is blatantly improper in this forum.

For example, in *Blair v. CBE Grp. Inc.*, 2013 U.S. Dist. LEXIS 68715 (S.D. Cal. May 13, 2013), the court held that that the plaintiff (Blair) had "not satisfied her burden to establish that venue is proper in the Southern District of California" for her TCPA claims where "none of the acts or omissions giving rise to Blair's claims occurred in this District." *Id.* at *5. This was because "[t]he calls to Blair were placed from Iowa, and Blair received the calls in Indiana." *Id.* As a result, the Court observed that "[b]ecause these activities did not involve, or occur in, the Southern District of California, Plaintiff has not established that venue is proper in this District pursuant to section 1391(b)(2)." *Id.* The same result should occur here. *See also Tuso v. Nat'l Health Agents, LLC*, 2021 U.S. Dist. LEXIS 40088, at *4 (E.D. Cal. Mar. 2, 2021) (holding venue was improper for TCPA claims even where (unlike here) the plaintiff alleged he was a resident in the forum,

14

where plaintiff "does not specifically allege that [d]efendants placed the calls from this District, nor that he received the calls from [d]efendants while in this District").

Based on the above, dismissal is warranted. Forbes notes that an alternative to dismissal in the case of improper venue is to transfer the litigation to a more appropriate forum (presumably, Florida in this case). Thus. when the chosen venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to any district in which it could have been brought. 28 U.S.C. § 1406(a). The factors supporting transfer in lieu of dismissal are whether (1) a new action would be time-barred; (2) the claims are likely to have merit; and (3) the action was filed in good faith or after Plaintiff realized or should have realized that the chosen forum was improper. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

Forbes requests dismissal in lieu of transfer on the basis of the second and third factors set out in *Trujillo*. As will be more fully described in Section III below, Tom has failed to set out a valid cause of action against Forbes. As a result, Tom's claims are unlikely to "have merit" based on the current condition of his pleadings. In that case, to the extent Tom wishes to continue to prosecute his lawsuit against Forbes, he would have to amend his complaint and add significant factual allegations. Since this will be necessary for Tom to proceed, dismissal without prejudice rather than transfer is advisable. Moreover, given the complete lack of connection between Colorado and Tom's claims, it is questionable whether Tom filed suit in this forum in good faith as he knew or should have known that this forum was improper. As he is a serial and professional TCPA litigator whose claims have been dismissed before based on tenuous and insufficient connections to his chosen forum, Tom's decision to litigate this particular suit in Colorado becomes that much more suspect. *See Tom v. Transp. Media, Inc.*, 2023 U.S. Dist. LEXIS 152897,

15

at *8 (W.D. Tex. July 26, 2023) (rejecting personal jurisdiction in Texas for TCPA claims based on nothing more than "a single fortuitous call" while Tom was traveling and awaiting a flight to California in Austin's airport).

Therefore, Forbes requests that this Court dismiss Tom's complaint without prejudice because Colorado is an improper venue for Tom's claims under Rule 12(b)(3).

### III. Tom fails to state a claim upon which relief can be granted.

Even if Tom's complaint is not dismissed on jurisdictional or venue grounds, as described above, it would still be subject to dismissal for failing to state a claim against Forbes under either the TCPA or the FTSA. The theories of liability asserted by Tom under both statutes require that Forbes or its agent was the entity that placed the calls to phone numbers on the DNCR (for the TCPA, *see* 47 U.S.C. § 227(c)(5)) or that made automated telephonic sales calls to Tom without his express written consent. (for the FTSA, *see* § 501.059(8)(a), Flat. Stat.).

As described in his complaint, Tom voluntarily provided a phone number of his "that was not on the Do Not Call Registry, (321) 3XX-XXXX." *See* Compl. ¶ 35 (hereinafter, the "Authorized Number"). Afterwards, Tom "received a call on March 14, 2024" placed to the Authorized Number allegedly originating from Forbes or its alleged agent, Assurance. *See* Compl. ¶¶ 36-37 (hereinafter, the "Authorized Call"). However, since this phone call was neither made to a number on the DNCR nor was an automated call, liability under either the TCPA or the FTSA cannot attach based on the Authorized Call. Instead, Tom's causes of action depend entirely on connecting the Authorized Call to the automated calls placed earlier that month to two other phone numbers belonging to Tom that were on the DNCR (hereinafter, the "Unauthorized Calls" and "Unauthorized Numbers", respectively). Thus, it was incumbent on Tom to plead sufficient facts

16

demonstrating that Forbes was responsible for the Unauthorized Calls, and not just the Authorized Call.

This, however, Tom has failed to do. Tom alleges that he received "multiple calls" to the Unauthorized Numbers "throughout March of 2024" that pitched him "Medicare health plans." *See* Compl. ¶ 29. These automated calls were allegedly made using "various illegally 'spoofed' called IDs" and the message in these calls "stated that they were calling from unrecognizable, generic names." *See* Compl. ¶¶ 29, 33. Therefore, Tom is unable to allege from whom these "multiple" calls were made, and he pointedly does not do so.

Then, ostensibly to "identify the caller" who placed the Unauthorized Calls, Tom alleges that he "provided" the Authorized Number. *See* Compl. ¶ 35. Critically, however, the complaint does not allege that the party or entity to whom the Authorized Number was provided was the same party or entity that had made the earlier Unauthorized Calls. There is no date provided for this phone call, no description of the method by which he "provided" the Authorized Number, and no allegation that the person to whom he "provided" the Authorized Number was the same person making the calls to the Unauthorized Numbers. In other words, Tom fails to allege any facts at all that would connect the Unauthorized Calls to the Authorized Call that subsequently occurred. Without this critical factual link, there is simply no basis to connect Forbes to the earlier phone calls, which is the sole alleged ground for liability.

Perhaps recognizing the lack of any factual connection between the Unauthorized Calls and the subsequent Authorized Call, Tom alleges that a "subsequent investigation by counsel" who was purportedly "informed by a confidential third-party informant" revealed that Forbes "hired Assurance" and "placed the illegal calls at issue." *See* Compl. ¶ 47. However, this dubious

17

allegation consists of nothing more than rank speculation and should not be considered or countenanced by this Court. Tom does not describe the steps purportedly taken by his counsel to investigate this claim, the identity of the so-called "confidential informant," how this nameless individual came into knowledge about the phone calls, or any of the information provided that ostensibly connected Forbes with the Unauthorized Calls. This conjectural allegation should be treated as even less substantive than an allegation based "on information and belief," which allegations "merely posit an assumption or surmise [and] are not allegations of fact that can plausibly state a claim." *Reddy v. Essentia Ins. Co.*, 2021 U.S. Dist. LEXIS 159468, at *16 (D. Colo. Aug. 24, 2021), citing *Greenway Nutrients v. Blackburn*, 33 F. Supp. 3d 1224, 1244 n.4 (D. Colo. 2014) (holding that "when the plaintiff begins a paragraph with the phrase 'on information and belief,' it is clear to the court that the plaintiff is positing … a naked assertion or conclusion, and while it may be a theory consistent with the plaintiff's position, such assertions are not allegations of fact."). Therefore, such a purely speculative allegation cannot be used to oppose Forbes's motion.

Guesswork, speculation and assumption cannot substitute for well-pled facts in the face of a Rule 12(b)(6) motion to dismiss. Tom's complaint does nothing more than ***presume*** that Forbes and its agent were responsible for the earlier phone calls to the Unauthorized Numbers, but offers no actual substantive facts to support this inference. Based on this unsupported presumption, the remainder of the complaint alleges in wholly conclusory fashion that Forbes was the entity that placed the original automated phone calls. But "naked assertions devoid of … factual enhancement" are not enough to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Tom must connect Forbes to the Unauthorized Calls based on substantive and non-

conclusory allegations to avoid dismissal of his claims, and he has failed to do so here. *See, e.g.*, *Bryant v. Udell & Assocs.*, 2023 U.S. Dist. LEXIS 140767, at *15 (E.D. Va. Aug. 11, 2023) (holding that liability under the TCPA and related state statutes "liability requires the plaintiff show that the defendant actually, physically initiated the telephone call at issue," and dismissing complaint where the plaintiff "adduced no facts to suggest that [defendant] initiated the telephone call outside of conclusory allegations" that were "devoid of supporting fact and detail" and were "inconclusive" as to the ultimate identity of the caller); *Smith v. Direct Bldg. Supplies, LLC*, 2021 U.S. Dist. LEXIS 193657, at *9 (E.D. Pa. Oct. 7, 2021) (dismissing TCPA claim where the plaintiff "failed to plausibly allege that the five calls in question came from" the defendant, and compiling cases which "featured TCPA claims that were dismissed because of a failure to plead details sufficient to identify the caller").

## CONCLUSION

Based on the above arguments and authorities, Forbes respectfully requests that this Court dismiss Tom's complaint against it without prejudice, based on lack of personal jurisdiction over Forbes, improper venue in this forum, or Tom's failure to state a valid claim against Forbes (or all three).

DATED:	May 29, 2024

FLEMING, LOWENBERG & COOLING
THE LAW OFFICE OF DANIEL J. LOWENBERG, L.L.C.

By:   */s/ Daniel J. Lowenberg*
Daniel J. Lowenberg, CO Atty. Reg. No. 37262
144 S. Uncompahgre Ave., Montrose, CO 81401
Tel☏: 970.240.2812, Facsimile🖷: 970.240.2860
Email✉: daniel@flclawfirm.com
*Counsel to Defendant Forbes & York*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and thereby served all parties and their counsel of record by same, as follows:

Anthony Paronich
Email: anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018

Andrew Roman Perrong, Esq.
Email: a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone (215) 225-5529

*/s/ Kristi Pace*

_____
Kristi Pace, Paralegal to
Daniel J. Lowenberg